UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

Plaintiff,

- against -

Civil No. _____

One 2012 Honda Accord,
VIN 1HGCS1B82CA009993,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States

Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this

complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules

of Civil Procedure:

### NATURE OF THE ACTION

1.   This is a civil forfeiture action against a motor vehicle involved in a violation of 49 U.S.C.

§ 80302(a)(3) and (b), and subject to forfeiture pursuant to 49 U.S.C. § 80303.

### THE DEFENDANTS IN REM

2.   The defendant one 2012 Honda Accord, VIN 1HGCS1B82CA009993.

3.   The defendant property was seized from Janice A. Livingston during a traffic stop by the

Maryland Transportation Authority Police (MTAP) on I-95 in the State of Maryland on

February 21, 2014.

### JURISDICTION AND VENUE

4.   Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

property.    This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 49 U.S.C. § 80303.

5.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.   It is currently in the custody of MTAP.

## BASIS FOR FORFEITURE

7.      The defendant vehicle is subject to forfeiture pursuant to 49 U.S.C. § 80303 because it was involved in a violation of 49 U.S.C. § 80302(a)(3) and (b) in that it was used to facilitate the transportation, concealment, receipt, possession, and exchange of contraband, to wit: a quantity of counterfeit U.S. currency.

## FACTS

8.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Brent Hardie, a Special Agent with the United States Secret Service, which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final

2

Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:    April 16, 2014

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

3

## DECLARATION

This affidavit is submitted in support of a complaint for the forfeiture of one 2012 Honda Accord, VIN 1HGCS1B82CA009993.

I, Brent Hardie, a Special Agent with the United States Secret Service, submit that there are sufficient facts to support a reasonable belief that the 2012 Honda Accord is property involved in a violation of 49 U.S.C.  § 80302(a)(3) and (b), and thus is subject to forfeiture pursuant to 49 U.S.C. § 80303.

a. On 2/21/14 Corporal (Cpl.) Coby, Maryland Transportation Authority Police (MTAP), 410/396-2455, observed a 2012 black Honda Accord, two-door sedan, bearing NY tag FYR7715, swerve across multiple lanes.

b. A New York Department of Motor Vehicle (DMV) registration check revealed that the tag on the vehicle belonged to a 2012 Honda Accord, registered to a Janice A. Livingston.

c. Cpl. Coby approached the vehicle's passenger side and observed a female, later identified by a New York Driver's License as Janice A. Livingston, holding a plastic bag appearing to contain marijuana.

d. Once Livingston rolled the window down, Cpl. Coby could smell a strong marijuana odor emitting from the vehicle.

e. Cpl. Coby asked if there was marijuana in the vehicle, to which Livingston responded positively.

f. Cpl. Coby then asked the driver of the vehicle to produce identification.  The driver stated that she didn't have a license, but she had a New York Benefits Identification Card which identified her as Crystal Harris.

g.  During a probable cause search of the vehicle, Cpl. Coby found a large amount of US currency in the glove box, $10,000.00. Further inspection of the currency revealed that it was counterfeit (CFT). Cpl. Coby could see that the water marks on the CFT Federal Reserve Notes (FRNs) were off centered, the paper was too thick, some of the CFT FRNs serial numbers were in sequential order, and there were duplicate serial numbers.

h.  Continuing his search of the vehicle, Cpl. Coby found additional CFT FRNs in the purse belonging to Livingston.

i.  Cpl. Coby contacted the U.S. Secret Service Washington Field Office to make notification of the arrests and requested that a Special Agent respond to aid in the interview process with MTAP Detective (Det.) Thomas Davis at MTAP Tunnel Command, 2301 S. Clinton St. Baltimore, MD 21222.

j.  As the weekend Special Agent on Duty for the U.S. Secret Service Baltimore Field Office, I responded to the MTAP Tunnel Command and examined the suspected CFT FRNs. Through my training and experience I was able to determine that they were indeed counterfeit based on the over stamp of the United States of America coming through the back of the bill, the watermark not being crisp/appearing cartoonish, and the characteristics in paper quality not being consistent with that used in production of genuine currency.

k.  Later on the same day, Det. Davis and I interviewed Harris, who waived her *Miranda* rights. We questioned Harris regarding the purpose of the trip from New York to Baltimore, and her knowledge of the CFT FRNs.

l.  Harris stated that a mutual friend of Livingston and herself had contacted her and asked if she could make a trip in return for some money. Harris, being on probation for identity

theft, stated that she didn't ask her friend what the trip was for but agreed solely based on needing the $500.00 that was offered.

m. Harris stated that the friend that called her was "Tone" and she didn't know his real name or his address in New York.

n. Harris stated that their destination to make the delivery was the one programed into the GPS.

o. Harris later stated that she asked Livingston what they were delivering while they were on their way to Baltimore and Livingston informed her that it was counterfeit. No further information on the source or destination of the delivery was provided by Harris.

p. Continuing on the same day, Det. Davis and I interviewed Livingston, who waived *Miranda*, and stated that she was an exotic dancer and that she stole a bag full of money from a client at her place of employment in New York. Livingston continued that she was traveling to Baltimore to meet with friends and denied knowing the money was counterfeit.

q. On 2/24/14, Investigative Analyst (IA) Emily Perry conducted a New York DMV photo search of the registered owner of the vehicle which revealed it to be the passenger, Janice A. Livingston, DOB 3/13/79. IA Perry also conducted a NCIC/NLETS wants/warrants search for both suspects, which were met with negative results.

r. State counterfeit charges have been filed against Harris and Livingston. The Honda Accord in which the counterfeit currency was being transported, VIN 1HGCS1B82CA009993, was taken into custody by the MTAP.

s.  A search of the U.S. Secret Service counterfeit-tracking database indicated that over

$29,705,700 of the subject counterfeit $100 FRNs have been passed in the United States,

since April 2012.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746
THAT THE FACTS SET FORTH ABOVE ARE ACCURATE, TRUE AND CORRECT TO
THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.


_____
Brent Hardie, Special Agent
United States Secret Service

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Special Agent of the Department of Homeland Security, and that everything contained therein is true and correct to the best of my knowledge and belief.

 

Stefan D. Cassella
Assistant U.S. Attorney

4

**MEMORANDUM**

DATE:              April 16, 2014

TO:                Anne Pearson
                   U.S. Secret Service

FROM:              Naquita C. Ervin
                   FSA Paralegal Specialist
                   U.S. Attorney's Office - District of Maryland

RE:                **U.S. v. One 2012 Honda Accord, VIN 1HGCS1B82CA009993**

                   **Civil Action No.**

                   **CATS ID 14-USS-_____ – _____**

The United States has filed a forfeiture action against **One 2012 Honda Accord, VIN 1HGCS1B82CA009993.**   A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

## Department of Homeland Security
*Federal Law Enforcement Agencies*
### PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER | | |
|---|---|---|---|
| DEFENDANT<br>**One 2012 Honda Accord, VIN**<br>**1HGCS1B82CA009993** | TYPE OF PROCESS<br>Verified Complaint in Rem | | |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize | | |
|---|---|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) | | |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Naquita Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ]Plaintiff<br>[   ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Apr 16, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [   ] A Person of suitable age and discretion then residing in the    defendant's usual place of abode. | |
|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service   [   ] AM<br>                    [   ] PM |
| | Signature, Title and Treasury Agency | |

REMARKS:

TD F 90-22.48 (6/96)

Make (5) copies after form is signed.  SEND ORIGINAL + 4 COPIES to TREASURY AGENCY.  Retain Copy #5 for your file.