FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV 12  PM 3: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| | |
| v. | Civil Action No. ELH-14-01294 |
| | |
| ONE 2012 HONDA ACCORD, | |
| VIN 1HGCS1B82CA009993 | |
| *Defendant*. | |

### MEMORANDUM OPINION

This is a civil *in rem* proceeding to forfeit one 2012 Honda Accord, VIN 1HGCS1B82CA009993. The defendant vehicle was seized from Janice Livingston during a traffic stop conducted by the Maryland Transportation Authority Police ("MTAP") on February 21, 2014. In a Verified Complaint For Forfeiture, filed by the government on April 16, 2014 (ECF 1), the government alleges that the vehicle is subject to forfeiture because it was used to facilitate the transportation, concealment, receipt, possession, and exchange of contraband, *i.e.*, counterfeit United States currency. *See* 49 U.S.C. § 80302(a)(3) and (b); 49 U.S.C. § 80303.

Ms. Livingston, to whom the vehicle is registered, has not filed a claim. However, Andrew Taurosa filed a claim to the defendant vehicle on August 7, 2014, ECF 5, and he filed an Answer on August 25, 2014. ECF 7. Neither submission was made under oath. Thereafter, the government moved to strike the claim and the Answer as untimely and for lack of standing (the "Motion," ECF 8). In addition, the government seeks an order of forfeiture.

The Motion is filed pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), based on Taurosa's failure to comply with Supplemental Rule G(5). In addition, pursuant to Rule G(8)(c)(i)(B), the government challenges Taurosa's standing. Taurosa has not responded to the

Motion. No hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will GRANT the Motion.

## Factual Background

The government filed a Verified Complaint supported by the Declaration of Brent Hardie, a Special Agent with the United States Secret Service. *See* ECF 1 at 4-7. Hardie averred, under oath, that on February 21, 2014, MTAP observed the defendant vehicle, a 2012 black Honda Accord, two-door sedan, with New York license plate FYR 7715, swerve across multiple lanes of I-95 in Maryland. A stop was effectuated. Corporal Coby of the MTAP approached the vehicle's passenger side and observed a woman, later identified by a New York driver's license as Janice Livingston, holding a plastic bag that appeared to contain marijuana. He also smelled marijuana emanating from the vehicle. Livingston admitted, in response to a question from Coby, that there was marijuana in the vehicle. The driver of the vehicle was asked to produce identification. She did not have a driver's license. Instead, she produced a New York Benefits Identification Card, identifying her as Crystal Harris. *Id.* at 4 ¶ f. During "a probable cause search of the vehicle," $10,000 in U.S. currency was recovered from the glove box of the vehicle. *Id.* at 5 ¶ g. Inspection of the currency suggested that it was counterfeit. *Id.* Other suspected counterfeit currency was recovered from the purse of Ms. Livingston. *Id.* at ¶ h.

Upon request by MTAP for a Special Agent, Agent Hardie responded to the scene. Hardie inspected the suspected counterfeit currency and, based on Hardie's training and experience, he determined that the currency was not genuine. *Id.* at 5 ¶¶ i, j.

During an interview, Harris waived her *Miranda* rights. *Id.* at 5 ¶ k. Harris indicated that she had asked Livingston about the money, and "Livingston informed her that it was

2

counterfeit." *Id.* at 6 ¶ o.  Livingston also agreed to an interview and waived her *Miranda* rights. However, she "denied knowing the money was counterfeit." *Id.* at 6 ¶ p.

A New York Department of Motor Vehicle registration check revealed that the tag on the vehicle belonged to the Honda, and that the vehicle was registered to Janice Livingston.  ECF 1 at 4 ¶ b.  *See also id.* at 6 ¶ q.  The Honda was taken into custody by MTAP on February 21, 2014.  *Id.* at 6 ¶ r.

A search of the U.S. Secret Service counterfeit-tracking database was conducted.  ECF 1 at 7 ¶ s.  It indicated that almost $30,000 of the subject counterfeit $100 federal reserve notes had been passed in the United States since April 2012.  *Id.*

On April 18, 2014, the government sent notice of the Verified Complaint (ECF 1) to Livingston, the registered owner of the subject vehicle, pursuant to Supplemental Rule G(4)(b)(i).  *See* ECF 4 (Affidavit of Counsel) at 3 ¶ 5; ECF 4-1 (Exhibit A to Government's Request For Entry Of Default).  Then, on June 2, 2014, the government wrote a letter to Ms. Livingston, in New York, advising that the government had sent her a notice of a civil complaint for forfeiture of the vehicle and that a claim was due by May 23, 2014.  ECF 4 at 3 ¶ 5; ECF 4-1 at 7.  The government stated, in bold, as follows:  **"As a courtesy, the government will grant an additional 21 days, *i.e.*, until June 23, 2014, for you to file a claim and answer.  If you do not file a claim and answer by this deadline, the government will seek and the court may grant a default judgment of forfeiture against the defendant property."**  ECF 4-1 at 7.  The deadline was extended again, until July 11, 2014, after email exchanges between counsel for Ms. Livingston and counsel for the government.  ECF 4 at 4 ¶ 5; ECF 4-1 at 20-22.

In addition, beginning on April 19, 2014, notice of the pendency of this case was posted on an official government internet site for 30 consecutive days.  ECF 4 at 4 ¶ 6; *see also* ECF 4-2

3

(Government Exhibit B, "Declaration of Publication"). An arrest warrant in rem was served on the defendant and filed with the court on June 3, 2014. *See* ECF 3.

No claim was filed by July 11, 2014. On July 14, 2014, the government requested the entry of default, pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Admiralty Rule (c)(4), against the defendant and all persons claiming an interest in the property, for failure to file a timely claim, answer, or to otherwise defend. ECF 4. The request was supported by an Affidavit of counsel for the government as well as numerous documents. Government Exhibit A consists of 22 pages. As noted, Government Exhibit B contains a "Declaration of Publication" and the Notice, indicating that notice of civil forfeiture was posted on an official government internet site for at least 30 consecutive days, beginning on April 19, 2014, as required by Supplemental Rule G(4)(a)(iv)(c).

On August 7, 2014, Taurosa filed a "Verified Claim Of Interest" as to the defendant vehicle. ECF 5. And, he filed a "Verified Answer" on August 25, 2014. ECF 7. Despite Taurosa's use of the word "verified," neither submission was made under oath.

In the Claim, Taurosa alleged that he is a "bonafide purchaser for value," ECF 5 at ¶ 3(a), and that he "co-signed for the defendant and "is still paying the monthly payments for the defendant." ECF 5 at ¶ 3(b). He also denied participation in transportation of the contraband. *Id.* ¶ 4. The Answer (ECF 7) does not contain any affirmative defenses.

A report obtained by Agent Hardie (ECF 8-1) is appended to the Motion. It indicates that Ms. Livingston is the sole registered owner of the vehicle.

## Discussion

A civil forfeiture action is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (codified in part at 18 U.S.C. § 983).[1]  In a forfeiture action, the government must "state[] the circumstances giving rise to the forfeiture claim with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft[] a responsive pleading." *United States v. Mondragon*, 313 F.3d 862, 866 (4th Cir. 2002).  Where the government's theory holds that "the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the government must "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); *see United States v. Borromeo*, 995 F.2d 23, 25 (4th Cir. 1993); *United States v. $95,945.18 in U.S. Currency*, 913 F.2d 1106, 1110 (4th Cir. 1990); *United States v. Santoro*, 866 F.2d 1538, 1542 (4th Cir. 1989); *United States v. $40,041.20 In U.S. Currency Seized From State Dept. Federal Credit Union Account No. XXX786*, 2012 WL 5409753, at *5 (D. Md. Nov. 5, 2012) (Chasanow, J.).

Under CAFRA, the government ultimately must prove, "by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1).  "The government may rely on circumstantial evidence to establish forfeitability." *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010).  A determination as to whether the government has met its burden is based on "the totality of the circumstances." *United States v. $864,400.00 in U.S. Currency*, 2009 WL 2171249, at *2 (M.D.N.C. July 20, 2009), *aff'd*, 405 F. App'x 717 (4th Cir. 2010).

The Federal Rules of Civil Procedure and the Supplemental Rules apply to a civil forfeiture action. *United States v. $ 74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (D. Md.

---

[1] A separate provision, 21 U.S.C. § 853, governs criminal forfeitures.  *See generally Kaley v. United States*, ____ U.S. ___, 134 S. Ct. 1090, 1094-95 (2014).

July 11, 2011); *accord U.S. v. $15,860 in U.S. Currency*, --- F. Supp. 2d ----, 2013 WL 4516138, at *1 (D. Md. Aug. 26, 2013); *United States v. $85,000 in U.S. Currency*, 2011 WL 1063295, at *1 (D. Md. Mar. 21, 2011). In the event of an inconsistency, the Supplemental Rules apply. *See* Supplemental Rule A(2); *see also $85,000 in U.S. Currency*, 2011 WL 1063295, at *1.

Supplemental Rule G(4)(b)(i) requires the government to send notice of the action "to any person who reasonably appears to be a potential claimant...." In the notice, the government must set the deadline for filing a verified claim, at least 35 days from the date it sends notice of the proceeding to a potential claimant. Supplemental Rule G(4)(b)(ii). Under Supplemental Rule G(5)(a)(i), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *See also* 18 U.S.C. § 983(a)(4)(A) (stating a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules] . . ."). An answer or motion must be filed no later than 20 days after the filing of the verified claim. Supplemental Rule G(5)(b); 18 U.S.C. § 983(a)(4)(B).

Pursuant to Supplemental Rule G(5)(a)(i), a judgment of forfeiture may be entered only if the government has published notice of the action, as provided in the rule. *See* Supplemental Rule G(4)(a)(ii), (iii), (iv). A claimant is required to file a claim no later than 60 days after the first publication of notice on the official government website. Supplemental Rule G (5)(a)(ii)(B).

In this case, the relevant time periods initially expired on May 23, 2014 and June 18, 2014, respectively. The government ultimately extended the claim deadline, however, until July 11, 2014. *See* ECF 4-1 at 20-22. Nevertheless, Ms. Livingston failed to file any claim to the defendant vehicle before the expiration of the claim deadline set forth in the direct notice and

subsequently extended by the government. And, Taurosa's claim was filed after the extended deadline.

To be sure, the government never sent direct notice to Taurosa; he was not listed as a registered owner of the vehicle. Nevertheless, it published notice of forfeiture on an official government internet site for 30 consecutive days, as required by Supplemental Rule G(4)(a). The deadline to file a claim in response to the published notice expired on June 18, 2014. Yet, Taurosa did not file his claim until August 7, 2014 -- almost two months beyond the expiration of the deadline. And, the claim was not verified.

Supplemental Rule G(8)(c)(i)(A) is relevant. It provides: "At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5)." *See United States v. $25,790.00 in U.S. Currency*, 2010 WL 2671754 (D. Md. July 2, 2010) (striking a claimant's answer that was untimely filed).

A verified claim is an important protection against the filing of false or frivolous claims. *See United States v. $100,340*, 354 F.3d 1110, 1118-19 (9th Cir. 2004). With respect to timeliness, the government acknowledges that the court has discretion to accept late claims. *See United States v. One 2007 Mercedes Benz CLS* 550, 2012 WL 1072252*2 (D. Md. March 28, 2012). *See also United States v. Munson*, 477 Fed. Appx. 57, 64 (4th Cir. 2012). In my view, however, Taurosa has not provided any basis that would warrant the exercise of discretion to accept his untimely, unverified claim.

In his claim, Taurosa asserted that he had no knowledge that the vehicle was used to transport contraband. However, he offered no explanation for his failure to timely file his claim, or to file a claim that was not, in fact, verified, *i.e.*, under oath. A self-represented claimant must strictly comply with the supplemental rules. *See, e.g., United States v. $22,226.25 in Interbank*

7

*FX Account,* 763 F. Supp. 2d 944, 948-49 (E.D. Tenn. 2011); *United States v. $11,210.00 in U.S. Currency,* 2010 WL 2817246, *2 (E.D. Va. July 15, 2010).

As noted, the government also challenges Taurosa's standing. A claimant's standing to contest forfeiture is a threshold matter that must be resolved before addressing an asset forfeiture claim. Supp. R. G(8)(c)(ii)(A) & advisory committee's note ("A claimant who lacks standing is not entitled to challenge the forfeiture on the merits."); *United States v. Munson,* Nos. 08-2065, 08-2159, 08-4326, 2012 WL 1302601, at *4 (4th Cir. Apr. 17, 2012) ("In order to contest a government forfeiture action, a claimant must have the Article III standing required for any action brought in federal court."). The Advisory Committee Notes to Supplemental Rule G provide that claim standing may be addressed in three ways. First, "[i]f a claim fails on its face to show facts that support claim standing, the claim can be dismissed by judgment on the pleadings." Supp. R. G(6)(c)(ii) advisory committee's note. Second, "[i]f the claim shows facts that would support claim standing, those facts can be tested by a motion for summary judgment" filed by the government. *Id.* And third, "[i]f material facts are disputed, precluding a grant of summary judgment, the court may hold an evidentiary hearing," at which a "claimant has the burden to establish claim standing." *Id.* A claimant generally bears the burden of establishing standing by a preponderance of the evidence. Supp. R. G(8)(c)(ii)(B); *see United States v. Real Property Located at 5208 Los Franciscos Way,* 385 F.3d 1187, 1191 (9th Cir. 2004).

When the government seeks judgment on the pleadings, the Court must assume the facts alleged in the claim are true. *See United States v. $133,420.00 in U.S. Currency,* 672 F.3d 629, 638-40 (9th Cir. 2012). When the facts alleged in the claim are insufficient, even if true, to establish Article III standing, then the government would be entitled to a judgment on the

pleadings. *See United States v. All Assets Held At Bank Julius Baer & Co.*, 772 F. Supp. 2d 205, 217-18 (D. DC 2011).

The nature of a claimant's interest is governed by the laws of the jurisdiction where the property interest is asserted. *See United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 n.3 (9th Cir. 2004). Under Maryland Code (2012 Repl. Vol.), Transportation Article § 11-143, an owner of a vehicle "(1) Means a person who has the property in or title to the vehicle; (2) Includes a person who, subject to a security interest in another person, is entitled to the use and possession of the vehicle; (3) Does not include a lessee under a lease not intended as security; and (4) Includes a lessee under a lease intended as security." Registered title raises a rebuttable presumption of ownership. *See One Ford Motor Vehicle VIN 1FACP41A8FZ17570 v. State*, 104 Md. App. 744, 750, 657 A.2d 825, 828 (1995).

As previously established, only Livingston appears as the owner on the registration for the vehicle. Thus, she is presumed to be its sole owner. Taurosa has failed to allege any facts that would be sufficient to establish his interest under Maryland law. Therefore, even assuming the truth of the allegations in his claim, these allegations do not establish Article III standing. *See United States v. Morgan*, 2002 WL 922107 (E.D. Pa. May 6, 2002) (concluding that an individual who co-signed a loan was not a bona fide purchaser for value and had no right, title or interest in the subject property).

For these reasons, I conclude that, pursuant to Supplemental Rule G(8)(c)(i)(A), the Motion to Strike the Claim and Answer of Taurosa for failure to comply with Supplemental Rule G(5) shall be GRANTED and, further, that pursuant to Supplemental Rule G(8)(c)(i)(B), Taurosa lacks standing to pursue his claims.

There are no other claimants.  Accordingly, I may enter a judgment of forfeiture in favor of the government.  *See United States v. Assorted Jewelry Valued at $13,430.00*, 2013 WL 775542, *2 (D.N.J. Feb. 28, 2013) (granting motion to strike and immediately entering default judgment in the absence of any other claims); *United States v. $1,000.00 Refunded to Mango Creek Properties, Inc.*, 2012 WL 254044, *2 (D. Neb. Jan. 27, 2012) (granting motion to strike for lack of statutory standing and entering default judgment).

A separate Order follows.

Date:  November 12, 2014                                    /s/
                                                      Ellen Lipton Hollander
                                                      United States District Judge